UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,               CASE NO.  2:17-cr-20739
                                                     2:20-cv-12514
v.                                HONORABLE DENISE PAGE HOOD

LENARD DARNELL SMITH,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 [#29] and DISMISSING WITH
PREJUDICE CIVIL CASE NO. 20-12514**

**I.    Introduction**

On February 27, 2018, Defendant pleaded guilty to Counts 1 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) and Count Five (Possession with Intent to Distribute Cocaine Base) of the Indictment. [ECF No. 17]  The undersigned imposed a sentence of 60 months for Count 1 and 12 months and a day for Count 5, to be served consecutively. [ECF No. 23] Defendant waived his right to appeal, and he did not otherwise file an appeal of his plea and conviction.

On September 2, 2020, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). [ECF No. 29] The Government filed a response on November 9, 2020. [ECF No. 33]  Defendant did not file a reply.

## II. Legal Standard

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U. S.*, 417 U.S. 333, 346 (1974).

## III. Analysis

Defendant's sole claim is that his conviction under 18 U.S.C. § 924(c) violates his constitutional rights because, as the United States Supreme Court recently decided in *United States v. Davis*, 139 S.Ct. 2319 (2019), Section 924(c) is unconstitutionally vague. Defendant argues that the sale of drugs is not a crime

2

of violence, and he did not use a firearm or engage in a crime of violence when selling narcotics. For the reasons that follow, Defendant's claim fails.

In *Davis*, the Supreme Court invalidated the "residual clause" in Section 924(c)'s definition of a "crime of violence." *Davis*, 139 S.Ct. at 2326-27. Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). According to Section 924(c)(3), a crime of violence is "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Court understands the Supreme Court's ruling in *Davis* – but also notes that the Supreme Court's ruling in *Davis* pertained only to the vagueness of the residual clause with respect to the definition of a federal "crime of violence" in Section 924(c)(3). *Davis* did not address any aspect of the definition of a drug trafficking crime, which is found in Section 924(c)(2) and includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801, *et seq.*)." Other courts have rejected any attempt to extend the residual clause deficiency in the

"crime of violence" provision to the "drug trafficking crime" provision. *See, e.g., United States v. Reid*, No. 0:04-353, 2018 WL 2336120, at *2 (D.S.C. Feb. 6, 2018) ("The drug trafficking portion of § 924(c)(2) does not have a residual clause, and states with particularity which charges serve as underlying crimes for a § 924(c) conviction. Therefore, the Supreme Court's holding in *Johnson* has no effect on convictions for § 924(c) based on drug trafficking crimes."); *see also United States v. Chapman*, 851 F.3d 363, 374–75 (5th Cir. 2017) (finding defendant's § 924(c) convictions not affected "by any alleged infirmity in the risk of force definition of crime of violence" because the predicate offenses were "based on having committed drug trafficking crimes"); *In re Navarro*, 931 F.3d. 1298, 1302 (11th Cir. 2019) (defendant's "§924(c) conviction is fully supported by his drug-trafficking crimes, and it therefore is outside the scope of *Davis*, which invalidated only § 924(c)(3)(B)'s residual clause relating to crimes of violence."); *In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019) (rejecting post-*Davis* challenge to § 924(c) conviction predicated on possession with intent to distribute cocaine and marijuana charge). *See also United States v. Simms*, 914 F.3d 229, 252 (4th Cir. 2019) (en banc) (finding residual clause in § 924(c)(3)(B) vague before *Davis*, but explaining that "[i]n

striking it down, we leave intact . . . the entirety of the definition of 'drug trafficking crime' in § 924(c)").

Count 1 of the Indictment alleges only that Defendant "knowingly possessed a firearm, that is, one Smith and Wesson SD9 9mm caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States; specifically, the drug trafficking crime alleged in Count Five of this Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)." ECF No. 9, PageID.18-19.  This charge is unequivocally a charge of the crime of drug trafficking and does not charge Defendant with a crime of violence.  As the case law cited above demonstrates, *Davis* applies only to convictions pursuant to Section 924(c)(3) and does not apply to convictions for a drug trafficking crime pursuant to Section 924(c)(2).  Accordingly, the Court must deny Defendant's 2255 Motion.

## IV.  Conclusion

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Dkt. No. 29] is **DENIED**.

IT IS FURTHER ORDERED that Civil Case No. 20-12514 (the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255) is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS ORDERED.

DATED: March 18, 2021

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge